```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

UNITED STATES OF AMERICA,      )   Case No. 3:15-CR-0496-L-3
                               )
        Plaintiff,             )
                               )   Dallas, Texas
v.                             )   November 18, 2015
                               )   2:00 p.m.
JONATHAN DOYLE,                )
                               )   INITIAL APPEARANCE
        Defendant.             )   ARRAIGNMENT
                               )
```

                     TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE PAUL D. STICKNEY,
                   UNITED STATES MAGISTRATE JUDGE.

APPEARANCES:

For the Government:            Errin Martin
                               UNITED STATES ATTORNEY'S OFFICE
                               U.S. DEPARTMENT OF JUSTICE
                               1100 Commerce Street, 3rd Floor
                               Dallas, TX  75242-1699
                               (214) 659-8600

For the Defendant:             Richard B. Roper, III
                               THOMPSON & KNIGHT, LLP
                               1722 Routh Street, Suite 1500
                               Dallas, TX  75201
                               (214) 969-1210

Court Recorder:                Vila Fisher
                               UNITED STATES DISTRICT COURT
                               1100 Commerce Street, Room 1549
                               Dallas, TX  75242-1003
                               (214) 753-2165

Transcription Service:         Kathy Rehling
                               311 Paradise Cove
                               Shady Shores, TX  76208
                               (972) 786-3063


        Proceedings recorded by electronic sound recording;
           transcript produced by transcription service.

```
 1              DALLAS, TEXAS - NOVEMBER 18, 2015 - 2:05 P.M.
 2           THE COURT:  Be seated, please.  Court is in session in
 3  the matter of United States of America versus Jonathan Doyle,
 4  3:15-CR-496-L.
 5           MS. MARTIN:  Errin Martin for the Government, Your
 6  Honor.
 7           THE COURT:  Thank you, Ms. Martin.
 8           MR. ROPER:  Richard Roper, Your Honor, for the
 9  Defendant.
10           THE COURT:  Mr. Roper.
11           MR. ROPER:  Good afternoon.
12           THE COURT:  I have a notice of appearance, Mr. Roper,
13  from you.  For all purposes?
14           MR. ROPER:  Yes, Your Honor.
15           THE COURT:  All right.  Thank you.  Are you Jonathan
16  Doyle?
17           THE DEFENDANT:  Yes, Your Honor.
18           THE COURT:  Mr. Doyle, this is your initial appearance
19  on an indictment in this district.  You have the right to
20  remain silent.  Anything you say can and will be used against
21  you in a court of law.
22       You also have the right to an attorney.  If you cannot
23  afford an attorney, I will appoint one at no cost to you.  Mr.
24  Roper has entered his appearance for all purposes.
25       Mr. Roper, is your client ready to enter his not guilty
```

```
 1  plea today?
 2              MR. ROPER:  Yes, Your Honor.
 3              THE COURT:  Mr. Doyle, how old are you?
 4              THE DEFENDANT:  Thirty-seven.
 5              THE COURT:  What year were you born?
 6              THE DEFENDANT:  1978.
 7              THE COURT:  In the last six months, have you been
 8  under the care of a physician or a psychiatrist?
 9              THE DEFENDANT:  I don't believe so.
10              THE COURT:  Do you suffer from any mental or emotional
11  disability or problem?
12              THE DEFENDANT:  No.
13              THE COURT:  Are you now under the influence of alcohol
14  or any other drug?
15              THE DEFENDANT:  No.
16              THE COURT:  Are you of sound mind and you understand
17  why you are here today?
18              THE DEFENDANT:  Yes.
19              THE COURT:  All right.  Have you received this
20  indictment?
21              THE DEFENDANT:  Yes.
22              THE COURT:  Do you understand what it says that you
23  did?
24              THE DEFENDANT:  Yes.
25              THE COURT:  To the charges contained in the
```

1  indictment, then, how do you plead, guilty or not guilty?

2              THE DEFENDANT:  Not guilty.

3              THE COURT:  Not guilty plea is entered.  Judge Lindsay
4  will set the dates of trial, motion deadlines, and other
5  matters.

6        The Government's position on bond?

7              MS. MARTIN:  Your Honor, the Government is not moving
8  to detain but is requesting special conditions.

9              THE COURT:  What conditions would you ask for?

10             MS. MARTIN:  We are asking, as in the other two
11 defendants that made their appearance yesterday, that Mr. Doyle
12 disclose to Pretrial Services all of his assets, those that --
13 some of those aren't known to the Government.  And restrict
14 travel to the state of Texas, and not to speak with any other
15 codefendants.  And I know the Court said that the three
16 codefendants there are currently employed at USPlabs could
17 speak to each other about winding the company down.

18             THE COURT:  Is Mr. Doyle one of them?

19             MS. MARTIN:  Yes, Your Honor.

20             THE COURT:  Okay.

21             MS. MARTIN:  But otherwise, no communication with any
22 other codefendant or witness or victim in the case.

23             THE COURT:  All right.  Now, as far as the financial
24 disclosures, since Mr. Doyle is not asking for court-appointed
25 counsel I can't really order that as part of his pretrial

1  release.  And since you have the motion for a TRO before Judge
2  Lindsay asking for a restriction on his ability to transfer
3  funds and so forth, then I'll let Judge Lindsay handle that.  I
4  won't order that portion that you've requested.  But I will
5  order the rest, unless the Defendant has some objection.
6          MR. ROPER:  No, Your Honor, except he does have
7  elderly parents, and --
8          THE COURT:  Where do they live?
9          THE DEFENDANT:  Connecticut.
10         MR. ROPER:  Connecticut.
11         THE COURT:  All right.
12         MR. ROPER:  And I think he's had to on occasion go up
13 there and take care of them.  So I'm sure he's going to have
14 travel.  I don't know if you'd require us going --
15         THE COURT:  Well, I'll restrict his travel to the
16 state of Texas without permission of the Court.  And I will
17 allow, if asked, for you to travel for brief periods to
18 Connecticut if need be for your parents, for their well-being.
19 But otherwise you're to remain here.  Where are you going to be
20 over the holidays, Christmas, New Year's?
21         THE DEFENDANT:  I'm not sure.  My wife's family is in
22 Pennsylvania.  Mine's in Connecticut.
23         THE COURT:  They can come here and visit you.  Okay?
24 I think that's the way we ought to look at it.  Now, if your
25 parents need something because they're ill and they have some

1  problems, I will certainly consider that.  But we want you here
2  in Texas.  Follow me?
3              THE DEFENDANT:  Yes.
4              THE COURT:  All right.  I am going to order you
5  released after processing with the Marshal.  While on release,
6  you're not to commit any crime -- state, federal, or local.
7  You're not to possess a firearm.  You must appear at all court
8  appearances.  You must cooperate in the collection of a DNA
9  sample if it's authorized by a 42 United States Code Section
10 14135a.  You're to actively seek or maintain employment.  Your
11 travel is restricted to the state of Texas without permission
12 of the Court.  You're not to use any alcohol excessively.
13 You're not to use any controlled substance or possess any
14 controlled substance unless prescribed by a licensed medical
15 practitioner.  Submit to testing for the detection of the use
16 of a controlled substance.  Avoid all contact, directly or
17 indirectly, with any person who is or may become a victim or
18 witness in this investigation, or any and all codefendants in
19 this matter, with the exception of the two codefendants who are
20 currently with USPlabs that you work with, and that association
21 with them is for the purpose of business and winding down the
22 business or corporate information.  In other words, the purpose
23 of you not having contact with any witness or codefendant is to
24 avoid any appearance of some sort of collusion or witness-
25 tampering, influencing witnesses or codefendants, agreeing on

1  your testimony, those sort of things.  Do you follow me, why
2  you're not supposed to do that?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Okay.
5             MR. ROPER:  Your Honor, there is -- and one of the
6  other companies involved in this is Patel and S.K.
7  Laboratories.  There could be an opportunity they -- they'll --
8  since they have these contractual relationships with them, they
9  may have to tend to that by having some contact with S.K. Labs
10 and Patel.  I don't know how -- I mean, it's almost the same as
11 -- not the same degree as --
12            THE COURT:  It's not the same?
13            MR. ROPER:  -- those guys, but it --
14            THE COURT:  Counsel can do that.  If you need to
15 obtain extra permission for that contact, I'll consider it.
16            MR. ROPER:  Okay.
17            THE COURT:  All right.  Now, I'm going to hand down
18 these conditions of release.  If you agree to abide by them, go
19 ahead and sign them.  I will inform you: if you violate any
20 condition of your release, you will being immediately arrested.
21 In addition to that, if you fail to appear at any court
22 appearance, you're looking at an additional 10 years in prison,
23 a $250,000 fine, or both.  Any time you receive for a failure
24 to appear will run consecutively.
25       Mr. Doyle, do you have a passport?

1          MR. ROPER:  I have it, Your Honor.

2          THE COURT:  All right.  I'll order that it be

3 surrendered today.  What else, Ms. Martin?

4          MS. MARTIN:  Nothing else from the Government, Your

5 Honor.

6          THE COURT:  Thank you.  Mr. Doyle, I am ordering you

7 released after processing.  I've noted in this that you have to

8 meet with Pretrial Services either today when you're released

9 or tomorrow.  And they'll set you up on that.  Any questions?

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  All right.  Thank you.  We stand adjourned

12 as to that matter.

13          MR. ROPER:  Thank you, Your Honor.

14          THE COURT:  Thank you.

15          THE CLERK:  All rise.

16     (Proceedings concluded at 2:12 p.m.)

17                         --oOo--

18

19

20                         CERTIFICATE

21     I certify that the foregoing is a correct transcript from
the digital sound recording of the proceedings in the above-
22 entitled matter.

23   **/s/ Kathy Rehling**                              04/14/2016

24 _____    _____
Kathy Rehling, CETD-444                         Date
25 Certified Electronic Court Transcriber

```
 1                              INDEX

 2   PROCEEDINGS                                            2

 3   WITNESSES

 4   -none-

 5   EXHIBITS

 6   -none-

 7   RULINGS

 8   Not Guilty Plea Entered                                4
     Conditions of Release                                  6
 9
     END OF PROCEEDINGS                                     8
10
     INDEX                                                  9
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```