1                     UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF TEXAS
2                           DALLAS DIVISION

3     ****************************************************************

4     UNITED STATES OF AMERICA        3:15-CR-00496-L-3

5
      VS.                             DALLAS, TEXAS
6

7     JONATHAN DOYLE                  FEBRUARY 21, 2019

8
      ****************************************************************
9
               TRANSCRIPT OF REARRAIGNMENT PROCEEDINGS
10        HEARD BEFORE THE HONORABLE RENEE HARRIS TOLIVER
                 UNITED STATES MAGISTRATE JUDGE
11
      ****************************************************************
12

13    APPEARANCES:

14    FOR THE GOVERNMENT:           MR. JOHN J. DE LA GARZA, III
                                    MS. ERRIN MARTIN
15                                  U.S. Attorney's Office
                                    1100 Commerce Street
16                                  Third Floor
                                    Dallas, Texas  75242
17

18    FOR THE DEFENDANT:            MR. RICHARD B. ROPER, III
                                    MS. JASMINE SELIA WYNTON
19                                  Thompson & Knight LLP
                                    1722 Routh Street
20                                  Suite 1500
                                    Dallas, Texas  75201
21

22    Official Court Reporter:      Lanie M. Smith, RPR, CRR
                                    1100 Commerce Street, #1654
23                                  Dallas, Texas  75242
                                    (214) 753-2354
24
               Proceedings recorded by mechanical stenography,
25    transcript produced via computer.

1                    <u>P R O C E E D I N G S</u>

2

3           COURTROOM SECURITY OFFICER:  All rise.

4           THE COURT:  Court calls for rearraignment,

5    Case No. 3:15-cr-496-L, United States of America versus

6    Jonathan Doyle.

7           MR. DE LE GARZA:  John de le Garza and Errin Martin

8    here on behalf of the government.

9           MR. ROPER:  Richard Roper and Jasmine Wynton for

10   Mr. Doyle.

11          THE COURT:  Good morning.  It probably would work

12   better, Mr. Roper, if you and Mr. Doyle approach the podium.

13   We can hear you better and pick you up better there.

14                  Good morning, sir.  Will you state your full

15   name, please?

16          THE DEFENDANT:  Jonathan Vincent Doyle.

17          THE COURT:  Mr. Doyle, will you raise your right hand

18   and be sworn, sir?

19          (Whereupon, the defendant was duly sworn.)

20          THE COURT:  Mr. Doyle, you're now under oath and that

21   means that if you give any false answers to any of my

22   questions, those answers may later be used against you in a

23   prosecution for perjury or making a false statement.

24                  Do you understand that, sir?

25          THE DEFENDANT:  Yes, Your Honor.

1       THE COURT:  Sir, you have the right to proceed with

2  your proposed guilty plea before the district judge to whom

3  your case is assigned; and in your case that is District Judge

4  Sam A. Lindsay.  You may, however, consent to entering your

5  guilty plea before me, the magistrate judge.  It is your

6  choice, and either way it will be Judge Lindsay who sentences

7  you.

8           Do you understand that, sir?

9       THE DEFENDANT:  Yes.

10      THE COURT:  In your case I have received a written

11  consent to proceed before me, the magistrate judge, with your

12  guilty plea and it appears you've signed that.

13           I'm showing it to you now.  Is that your

14  signature?

15      THE DEFENDANT:  Yes.

16      THE COURT:  Before you signed the consent, did you

17  discuss with Mr. Roper your right to consent or not to give

18  your consent to enter your guilty plea before me?

19      THE DEFENDANT:  Yes.

20      THE COURT:  And do you understand that right?

21      THE DEFENDANT:  Yes.

22      THE COURT:  And do you give your consent to proceed

23  with your guilty plea before me?

24      THE DEFENDANT:  Yes.

25      THE COURT:  Sir, you may, if you choose -- first of

1   all, let me say that I do find that you've knowingly and

2   voluntarily waived your right to enter a guilty plea before the

3   district judge and consented to entering your guilty plea

4   before me, the magistrate judge.

5           Mr. Doyle, you may, if you choose, plead not

6   guilty to any offense charged against you or persist in a plea

7   of not guilty if one has already been made; and if you plead

8   not guilty, the Constitution of the United States guarantees

9   you the following rights:

10          The right to a speedy and public trial by a

11  jury in this district; the right at such trial for you to see,

12  hear and cross-examine all witnesses against you; the right to

13  use the power and process of the Court to compel the production

14  of any evidence, including the attendance of any witnesses in

15  your favor; the right to have the assistance of an attorney

16  throughout all stages of your case; and the right to have an

17  attorney appointed to represent you should you be unable to

18  obtain an attorney.

19          At such trial, you could not be compelled to

20  testify and whether you would, in fact, testify is a matter in

21  which your judgment alone would control.  And at such trial,

22  the government would be required to prove your guilt beyond a

23  reasonable doubt before you could be convicted; and if you are

24  convicted, you would have the right to appeal your conviction.

25          Sir, do you understand that you have and are

1    guaranteed each of these constitutional rights?

2         THE DEFENDANT:  Yes.

3         THE COURT:  On the other hand, Mr. Doyle, if you plead

4    guilty and your guilty plea is accepted, there will not be a

5    further trial of any kind.  So by pleading guilty, you waive

6    your right to trial as well as those other constitutional

7    rights associated with trial that I've just explained to you

8    except, of course, your right to always be represented by an

9    attorney.

10             Do you understand, sir?

11        THE DEFENDANT:  Yes.

12        THE COURT:  Mr. Doyle, generally a defendant who is

13   accused of a crime cannot plead guilty unless he is actually

14   guilty of that criminal offense.  Also in federal court it is

15   the Judge who determines the penalty if a defendant is

16   convicted and that's whether the conviction comes upon the

17   defendant's guilty plea or the return of a guilty verdict by a

18   jury.

19             Now, the Court has not and will not talk to

20   anyone about the facts of your case except in open court where

21   you and your attorneys and the representatives of the

22   government are all present.  However, if a guilty verdict is

23   returned or a guilty plea is entered, a presentence report will

24   be prepared by a probation officer to assist Judge Lindsay at

25   sentencing; and Judge Lindsay will go over that presentence

1    report with the probation officer outside of your presence.

2              Also, you will likely be asked to give

3    information for that report and your degree of cooperation

4    could be a factor in how severe your sentence is; and it's for

5    that reason that the Court orders your attorney or attorneys to

6    be present at the interview with the probation officer who

7    prepares that pretrial services report.

8              Sir, if you plead guilty, you will be

9    convicted.  However, you and your attorney will each be given

10   the opportunity to present to Judge Lindsay any pleas for

11   leniency.  The penalty will be decided on the basis of the

12   facts that are heard in court and so you should never depend or

13   rely upon any statement or promise by anyone -- whether they be

14   connected with law enforcement, the government, or anyone else

15   for that matter -- as to what sentence will be assessed against

16   you.

17             Should you decide to plead guilty, your guilty

18   plea must not be induced or prompted by any promises, pressure,

19   threats, force or coercion of any kind -- that's because a

20   guilty plea must be purely voluntary.  And so you should plead

21   guilty because you are guilty and for no other reason.

22             Mr. Doyle, do you understand each of my

23   explanations about the process and consequences of pleading

24   guilty?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Sir, under the Sentencing Reform Act of

2     1984 as construed by the United States Supreme Court, the

3     United States Sentencing Commission has issued advisory

4     guidelines for judges to consider in determining the

5     appropriate sentences in criminal cases.

6               Have you discussed with your attorney or your

7     attorneys the charges against you, the matter of sentencing,

8     and how the sentencing guidelines might apply in your case?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Even so, sir, I am required to inform you

11     that it's the Court's obligation to calculate the applicable

12     sentencing guideline range and to consider that range as well

13     as any possible departures under the sentencing guidelines and

14     other sentencing factors that are found in 18, United States

15     Code, Section 3553(a).

16               Now, the Court is not bound by facts that are

17     stipulated between you and your attorney on the one hand and

18     the government on the other.  The Court can impose punishment

19     that disregards the stipulated facts or that even takes into

20     account facts that were not stipulated to; and in that event,

21     you might not even be permitted to withdraw your guilty plea.

22               Now, the Court will not be able to decide or

23     determine what guideline range is appropriate in your case

24     until after that presentence report I mentioned has been

25     completed and you, through your attorney, and the government

1    have had the opportunity to challenge the facts and conclusions

2    reported by the probation officer in the presentence report.

3             After the Court has determined what guideline

4    range is appropriate under the facts of your case, the Court

5    has the authority to impose a sentence that is within, above,

6    or below that guideline range, so long as the sentence imposed

7    is reasonable and based on the facts and the law.

8             Sir, you have the right to appeal the sentence

9    the Court imposes unless you waive that right; and under some

10   circumstances, the government also has the right to appeal.

11            You should also know that within the federal

12   system, parole has been abolished.  That means that if you are

13   sentenced to a term of imprisonment, you will not be released

14   on parole.

15            Mr. Doyle, do you understand each of the

16   explanations I've given you regarding sentencing?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE COURT:  Mr. Doyle, how old are you?

19        THE DEFENDANT:  40.

20        THE COURT:  And in what year were you born?

21        THE DEFENDANT:  1978.

22        THE COURT:  How far did you go in school, sir?

23        THE DEFENDANT:  Master's degree.

24        THE COURT:  Then you obviously read, write and

25   understand English; is that correct?

1              THE DEFENDANT:  That's correct.

2              THE COURT:  Sir, within the last six months, have you

3      received treatment or care from a medical professional for any

4      mental health or physical health condition?

5              THE DEFENDANT:  (Conferring privately with counsel.)

6              MR. ROPER:  Your Honor, he's taking antianxiety

7      medication; and that's it.  He doesn't have a mental disease or

8      defect.

9              THE COURT:  Mr. Doyle, have you been taking the

10     medication as it's been prescribed for you?

11             THE DEFENDANT:  I believe so.

12             MR. ROPER:  As needed.

13             THE DEFENDANT:  As needed.

14             THE COURT:  Is there anything about your condition

15     you're being treated for or the medication that you've been

16     prescribed that's causing you any difficulty in fully

17     understanding what's going on here this morning?

18             THE DEFENDANT:  No, Your Honor.

19             THE COURT:  Is there anything about your condition or

20     the medication you've been prescribed that has caused you any

21     difficulty in consulting with your attorney or attorneys about

22     your case?

23             THE DEFENDANT:  No, Your Honor.

24             THE COURT:  Have you been hospitalized or treated for

25     addiction to drugs or alcoholism within the last six months?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Are you now under the influence of alcohol

3    or any kind of drug that's not been prescribed for you?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  Sir, are you of sound mind; and do you

6    fully understand what it is we're doing here today?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  And is it your understanding that you're

9    here for the purpose of pleading guilty to Count 7 of the

10   superseding indictment, which charges you with conspiring to

11   introduce misbranded food into interstate commerce with an

12   intent to defraud and mislead?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Mr. Roper, do you have any reason to

15   believe that Mr. Doyle is not fully competent to enter a plea?

16         MR. ROPER:  No, Your Honor, I believe he's competent.

17         THE COURT:  Do you believe that the plea of guilty he's

18   proposing to make will be a knowing and voluntary plea?

19         MR. ROPER:  Yes, Your Honor.

20         THE COURT:  Mr. Doyle, did you receive a copy of that

21   superseding indictment?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  And did you read the charges, specifically

24   Count 7?

25         THE DEFENDANT:  Yes, Your Honor.

1        THE COURT:  Did you also discuss the charges,

2    specifically Count 7, with your attorney?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  Do you know and understand what you're

5    charged with by the indictment then?

6        THE DEFENDANT:  Yes, Your Honor.

7        THE COURT:  Even so I will require that the charge be

8    read aloud here in open court unless you choose to waive the

9    reading.

10        THE DEFENDANT:  I'll waive it, Your Honor.

11        THE COURT:  Sir, you also have the right to have

12    explained to you the essential elements of the charge to which

13    you're proposing to plead guilty; that is, what the government

14    would be required to prove beyond a reasonable doubt if you

15    were to go to trial before you could be convicted of the charge

16    in Count 7 of the superseding indictment.

17            At this time I am going to call upon the

18    Assistant United States Attorney to state those essential

19    elements.

20        MR. DE LA GARZA:  Your Honor, the essential elements of

21    the offense to which Mr. Doyle is pleading guilty -- that is,

22    18, USC, Section 371, conspiracy to introduce misbranded food

23    into interstate commerce with the intent to defraud and

24    mislead -- the government must prove each of the following

25    elements beyond a reasonable doubt:

1           First, that the defendant and at least one

2    other person made an agreement to commit the crime of

3    introducing misbranded food into interstate commerce with an

4    intent to defraud or mislead as charged in the superseding

5    indictment.

6           Second, that the defendant knew the unlawful

7    purpose of the agreement and joined in it willfully; that is,

8    with the intent to further the unlawful purpose.

9           And third, that one of the conspirators during

10    the existence of the conspiracy knowingly committed at least

11    one of the overt acts described in the superseding indictment

12    in order to accomplish some object or purpose of the

13    conspiracy.

14           The elements of introducing misbranded food in

15    interstate commerce with an intent to defraud, a violation of

16    Title 21, USC, Section 331(a) and 21, USC, Section 333(a)(2)

17    are as follows:

18           First, that the substance was a misbranded

19    food.

20           Second, that a person caused the introduction

21    of or delivered for introduction into interstate commerce

22    misbranded food.

23           Third, that the food's label was false or

24    misleading in any particular manner.

25           And, fourth, that a person mislabeled the food

1    with an intent to defraud and mislead.

2         THE COURT:  Mr. Doyle, you've heard those essential

3    elements stated aloud.  Do you understand what they are?

4         THE DEFENDANT:  Yes, Your Honor.

5         THE COURT:  Sir, do you admit that each of those

6    essential elements is satisfied as to Count 7 of the

7    superseding indictment by your conduct and/or the conduct of

8    another or others for whom you are criminally responsible?

9         THE DEFENDANT:  Yes, Your Honor.

10        THE COURT:  Sir, you are appearing here today with

11   Mr. Roper as your attorney; and have you been fully satisfied

12   with the representation and advice you have received from him

13   and your other attorneys in this case?

14        THE DEFENDANT:  Yes, Your Honor.

15        THE COURT:  Sir, do you have in front of you copies of

16   the plea agreement, the one that was filed on February 15th,

17   the plea agreement supplement also filed that day, and the

18   factual resume likewise filed on February 15th in front of you?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  Sir, would you look first at that plea

21   agreement supplement.  It appears that you've signed that

22   document on the second and third pages.  Are those your

23   signatures?

24        THE DEFENDANT:  Yes, Your Honor.

25        THE COURT:  Before you signed the plea agreement

1     supplement, did you read it in its entirety and discuss it in

2     detail with one or more of your attorneys?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Do you know and understand then all the

5     terms of your agreement with the government as set out in that

6     plea agreement supplement?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Sir, I'm going to ask you the same

9     questions about the plea agreement.  It appears that you've

10    signed it on Page 11 and -- I'm sorry on Page 12.  Is that your

11    signature there?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Before you signed that plea agreement, did

14    you likewise read it in its entirety and discuss it in detail

15    with one or more of your attorneys?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  And do you understand fully then the terms

18    of your agreement with the government as set out in that

19    written plea agreement?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Specifically, sir, I'm going to ask you to

22    look at Page 4 at the bottom, paragraph 8, entitled:

23    "Forfeiture of Property" that continues on to Page 7 of the

24    plea agreement in which you are indicating or agreeing that you

25    will not contest, challenge or appeal the administrative or

1    judicial forfeiture to the government of property seized or

2    restrained by the government and related to this case or noted

3    as subject to forfeiture, including certain monies and

4    automobiles that are specifically listed in that paragraph.

5              Is that your basic understanding of that

6    provision of your plea agreement?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  And when you were going over that in

9    particular with Mr. Roper and/or your other attorneys, did he

10   or they explain to you the rights the law gives you to appeal,

11   to challenge, to contest any forfeiture of your property to the

12   government?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Do you understand those rights, sir?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  And do you agree to waive them or give them

17   up to the extent it states in paragraph 8 of your plea

18   agreement with the government?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  I'm going to next ask you to look on Page 9

21   of the plea agreement at the paragraph numbered I, entitled:

22   "Waiver of Right to Appeal or Otherwise Challenge Sentence," in

23   which it appears you are agreeing to do basically that -- to

24   waive your right to appeal and to otherwise challenge your

25   sentence and conviction except under the very limited

1    circumstances that are set out in the fourth and last line of

2    that paragraph that starts:  "The defendant, however, reserves

3    the rights."

4              Do you see what I'm reading from, sir?

5         THE DEFENDANT:  Yes, Your Honor.

6         THE COURT:  And is that your basic understanding of

7    that provision of your plea agreement with the government?

8         THE DEFENDANT:  Yes, Your Honor.

9         THE COURT:  And before you signed the plea agreement,

10   did Mr. Roper or your other attorneys explain to you the rights

11   that you have under the law to appeal and to otherwise

12   challenge your sentence and conviction in this case?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  Do you understand those rights, sir?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  And do you agree to waive or give them up

17   to the extent it states in your plea agreement with the

18   government?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  Sir, are all the terms of your agreement

21   with the government set out in the written plea agreement and

22   the written plea agreement supplement?

23        THE DEFENDANT:  Yes, Your Honor.

24        THE COURT:  And did you voluntarily and of your own

25   freewill enter into the plea agreement and plea agreement

1    supplement?

2         THE DEFENDANT:  Yes, Your Honor.

3         THE COURT:  Sir, other than the plea agreement and plea

4    agreement supplement, has anyone made any promise or assurance

5    to you of any kind in an effort to induce you to plead guilty?

6         THE DEFENDANT:  No, Your Honor.

7         THE COURT:  Has anyone mentally, physically or in any

8    other way attempted to force you to plead guilty?

9         THE DEFENDANT:  No, Your Honor.

10        THE COURT:  Mr. Doyle, do you understand that if your

11   guilty plea is accepted, you will be found guilty of the

12   offense charged by Count 7 of the superseding indictment and

13   that your punishment for that offense will be assessed

14   somewhere within the range of punishment provided by law?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  Sir, are you a citizen of the

17   United States?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  Then you should understand because you're

20   proposing to plead guilty to a felony offense that conviction

21   of a felony may deprive you of valuable rights of citizenship,

22   including the right to vote, to hold public office, to serve on

23   a jury, and to possess any kind of firearm.  Do you understand

24   that?

25        THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  In addition to that, I'll now call upon the

2     Assistant United States Attorney to state the other potential

3     penalties and consequences you face if you plead guilty to

4     Count 7 of the superseding indictment.

5          THE DEFENDANT:  Your Honor, the maximum penalties the

6     Court can impose for the offense to which Mr. Doyle is pleading

7     guilty is imprisonment for a period not to exceed five years; a

8     fine not to exceed 250,000 or twice any pecuniary gain to the

9     defendant or loss to the victims; a term of supervised release

10    of not more than three years, which may be mandatory under the

11    law and will follow any term of imprisonment; if the defendant

12    violates the conditions of supervised release, the defendant

13    can be imprisoned for the entire term of supervised release; a

14    mandatory special assessment of $100; restitution to victims or

15    to the community, which is mandatory under the law and which

16    the defendant agrees may include restitution arising from all

17    relevant conduct, not limited to that arising from the offense

18    of conviction alone; cost of incarceration and supervision; and

19    forfeiture of property.

20         THE COURT:  Mr. Doyle, do you understand that if you

21    plead guilty to Count 7 of the superseding indictment, you are

22    subject to all of those penalties and consequences just

23    explained to you?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Sir, do you understand that if the sentence

1    you receive is more severe than you expect, you will still be

2    bound by your guilty plea and you will have no right to

3    withdraw it?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Do you have any questions about that or

6    anything else that we've covered today?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  Then, Mr. Doyle, how do you plead to

9    Count 7 of the superseding indictment?  Guilty or not guilty?

10             THE DEFENDANT:  Guilty, Your Honor.

11             THE COURT:  Mr. Roper, is Mr. Doyle's guilty plea

12   consistent with your legal advice?

13             MR. ROPER:  Yes, Your Honor.

14             THE COURT:  And, Mr. Doyle, I will recommend that

15   Judge Lindsay accept your guilty plea on the condition that

16   there's a factual basis to support it; and in your case that

17   factual basis is supplied by the stipulated facts in the

18   factual resume on Pages 2 through 8.

19                  Would you look at Page 9 of that factual

20   resume, which is the last page?  Is that your signature there,

21   sir?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  Before you signed the factual resume, did

24   you read it in its entirety, sir?

25             THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  And did you also discuss it in detail with

2    one or more of your attorneys?

3    THE DEFENDANT:  Yes, Your Honor.

4    THE COURT:  Then do you know and understand what is

5    contained in the factual resume and specifically what's in the

6    stipulated facts section on Pages 2 through 8?

7    THE DEFENDANT:  Yes, Your Honor.

8    THE COURT:  Sir, at this time it would be appropriate

9    to have the stipulated facts read aloud here in court.

10   However, based on your knowledge and understanding of them, I

11   will permit you to waive the reading if you choose.

12   Would you like to have the stipulated facts

13   read aloud or to waive the reading?

14   THE DEFENDANT:  Waive, please, Your Honor.

15   THE COURT:  Sir, do you admit that the stipulated facts

16   in the factual resume are true?

17   THE DEFENDANT:  Yes, Your Honor.

18   THE COURT:  Mr. Roper, are the stipulated facts in the

19   factual resume consistent with the true facts as you understand

20   them?

21   MR. ROPER:  They are.

22   THE COURT:  Mr. Doyle, based on my review of the

23   stipulated facts and my satisfaction with the responses given

24   during this hearing, I find that you are fully competent and

25   capable of entering an informed plea and that your guilty plea

1    to Count 7 of the superseding indictment is a knowing and

2    voluntary plea, supported by an independent basis in fact,

3    containing each of the essential elements of the offense

4    charged by Count 7 of the superseding indictment.

5                    And, therefore, sir, I am recommending that

6    Judge Lindsay accept your guilty plea and pronounce you guilty

7    of that offense.

8                    Mr. Doyle, I'm making that recommendation in a

9    written report that I am issuing today.  That report also

10   summarizes what was said and done here today and my findings

11   and conclusions.

12                   Any objection to my written report must be

13   filed within 14 days of today.

14                   Sir, you are scheduled to be sentenced by

15   Judge Lindsay on August 5th at 1:30 P.M.; and the presentence

16   report issuance deadline is June 7th.

17                   I've not received a report from Pretrial

18   Services that you've had any difficulty with fully complying

19   with the conditions of release set in your case.

20                   Does the government have any or know of any

21   reason why Mr. Doyle should not be continued on pretrial

22   release?

23          MR. DE LA GARZA:  No, Your Honor, the government knows

24   of no reason.

25          THE COURT:  Mr. Doyle, based on those circumstances, I

1    find by clear and convincing evidence that you are not likely

2    to flee or pose a danger to any other person or the community

3    if continued on release; and, therefore, I am ordering that you

4    be continued on release pending your sentencing hearing and any

5    further proceedings in your case.

6                    Is there anything else to take up with

7    Mr. Doyle's case today?

8                    MR. DE LA GARZA:  Nothing from the government,

9    Your Honor.

10                   MR. ROPER:  No, Your Honor.

11                   THE COURT:  Then, Mr. Doyle, that concludes your

12   hearing today, sir.

13                   MR. ROPER:  I'm sorry.  One second.

14                   (Conferring privately with defendant.)

15                   THE DEFENDANT:  Sorry, Your Honor.

16                   MR. ROPER:  No, Your Honor, we have nothing else.

17                   THE COURT:  Well, then that concludes your hearing

18   today, sir.  Good luck to you.

19                   And the attorneys are excused.

20                   THE COURTROOM SECURITY OFFICER:  All rise.

21                   (WHEREUPON, the proceedings were adjourned.)

22

23

24

25

* * * *

REPORTER'S CERTIFICATE

I, Lanie M. Smith, CRR, RPR, Official Court Reporter, United States District Court, Northern District of Texas, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

                              /s/ Lanie M. Smith_____
                              Official Court Reporter