1                    IN THE UNITED STATES DISTRICT COURT

2            FOR THE NORTHERN DISTRICT OF TEXAS (DALLAS)

3
  UNITED STATES OF AMERICA,            *
4                                      *
            Plaintiff,                 * CASE NO. 3:15-CR-496-L
5 _                                    *
      v.                               * THURSDAY
6                                      * FEBRUARY 28, 2019
  USPLABS, LLC, *et al.*,              * 9:13 A.M. TO 9:38 A.M.
7                                      *
            Defendants.                *
8

9

10      -----------------------------------------------------

11   TRANSCRIPT OF REARRAIGNMENT HEARING OF JACOB GEISSLER

12            BEFORE THE HONORABLE RENEE TOLIVER

13             UNITED STATES MAGISTRATE JUDGE

14      -----------------------------------------------------

15

16

17

18

19

20
                    TRANSCRIPTION SERVICE BY:
21
                         DIPTI PATEL
22                  7306 DANWOOD DRIVE
                    AUSTIN, TEXAS 78759
23                    (847)848-4907

24

25 Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.

1
2
                    A P P E A R A N C E S
3
     For the Government:    Patrick Runkle, Esq.
4                           UNITED STATES ATTORNEY'S OFFICE
                            1100 Commerce Street, Third Floor
5                           Dallas, Texas 75242

6
7    For the Defendant:    Michael Gibson, Esq.
                           BURLESON, PATE, & GIBSON, L.L.C.
8                          Founders Square
                           900 Jackson Street, Suite 330
9                          Dallas, Texas 75202
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1          DALLAS, TEXAS; WEDNESDAY, MAY 31, 2017; 9:13 A.M.

2               THE COURT:  Please excuse the delay.  The Court

3    calls Case Number 3:15-Cr-496-L, Unites States of America

4    versus Geissler.

5               MR. GIBSON:  Jacob Geissler.

6               THE COURT:  Geissler.  I just want to make I was

7    pronouncing it right.

8               MR. GIBSON:  Good morning, Your Honor.

9               THE COURT:  Good morning.

10              MR. GIBSON:  Mike Gibson here for Mr. Geissler and

11   Mr. Geissler's here if he wants to step over closer.

12              MR. RUNKLE:  Patrick Runkle for the Government,

13   Your Honor.

14              THE COURT:  Good morning.

15              MR. RUNKLE:  Good morning.

16              THE COURT:  Mr. Geissler you're actually going to

17   have to speak into the microphone.  So Mr. Runkle hadn't

18   done this before so you might want to make Mr. DeLaGarza

19   move to his right if you want to see.

20              MR. RUNKLE:  Why don't we switch?

21              THE COURT:  Mr. Geissler, will you please raise

22   your hand and be sworn?

23              JACOB GEISSLER, DEFENDANT, SWORN

24              THE CLERK:  Thank you.

25              THE COURT:  Mr. Geissler, you're now under oath

1   and that means that if you give any false answers to any of

2   my questions, those answers may later be used against you in

3   a prosecution for perjury or making a false statement.  Do

4   you understand that, sir?

5            THE WITNESS:  Yes, ma'am.

6            THE COURT:  Sir, you have the right to proceed

7   with your proposed guilty plea before District Judge Lindsay

8   to have your cases assigned, but you may, if you choose,

9   consent to entering your guilty plea before me, the

10  magistrate judge.  It is your choice and either way it will

11  be Judge Lindsay who sentences you.  Do you understand that?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  In your case, I have received a

14  written consent to proceed before the magistrate judge with

15  a guilty plea, and it looks like you've signed that at the

16  bottom.  Is that your signature?

17           THE DEFENDANT:  Yes, ma'am.

18           THE COURT:  And before you signed the consent, did

19  you discuss with Mr. Gibson your right to consent or not to

20  consent to proceed with your guilty plea before me, the

21  magistrate judge?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  And do you understand that right, sir?

24           THE DEFENDANT:  Yes, ma'am.

25           THE COURT:  And with that understanding, do you

1    give your consent to enter in your guilty plea before me,

2    the magistrate judge?

3               THE DEFENDANT:  Yes, ma'am.

4               THE COURT:  And sir, I find that you have

5    knowingly and voluntarily waived your right to enter a

6    guilty plea before the district judge and consented to

7    entering your guilty plea before me, the magistrate judge.

8               Mr. Geissler, you may, if you choose, plead not

9    guilty to any offense charged against you or persist in a

10   plea of not guilty if one's already been made.  And if you

11   plead not guilty, the Constitution of the United States

12   guarantees you the following rights: the right to a speedy

13   and public trial by a jury in this district; the right at

14   such trial for you to see, hear, and cross-examine all

15   witnesses against you; the right to use the power and

16   process of the Court to compel the production of evidence,

17   including the attendance of any witnesses in your favor; the

18   right to have the assistance of an attorney at all stages of

19   your defense; and the right to have an attorney appointed in

20   the event you are unable to obtain one.

21              At such trial, you could not be compelled to

22   testify.  And whether you would, in fact, testify is a

23   matter in which your judgment alone would control.  And at

24   such trial, the Government would be required to prove your

25   guilt beyond a reasonable doubt before you could be

1    convicted.  And if you were convicted, you would have the

2    right to appeal your conviction.

3           Sir, do you understand that you have and are

4    guaranteed each of these constitutional rights?

5           THE DEFENDANT:  Yes, ma'am.

6           THE COURT:  On the other hand, if you plead guilty

7    and your guilty plea is accepted, there will not be a

8    further trial of any kind.  So by pleading guilty, you waive

9    your right to trial as well as all the other constitutional

10   rights associated with trial that I've explained to you,

11   except, of course, your right to always be represented by an

12   attorney.  Do you understand that, sir?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  Mr. Geissler, generally, a defendant

15   who is accused of a crime cannot plead guilty unless he is

16   actually guilty of that criminal offense.  Also, in federal

17   court, it is the judge who determines the penalty if a

18   defendant is convicted and that's whether the conviction

19   comes upon the defendant's guilty plea or the return of a

20   guilty verdict by a jury.

21          Now, the Court has not and will not talk to anyone

22   about the facts of your case, except in open court where you

23   and your attorney and the representatives of the Government

24   are all present.  But if a guilty verdict is returned or a

25   guilty plea is entered, a presentence report will be

1 prepared by a probation officer to assist Judge Lindsay at

2 sentencing.  And Judge Lindsay will go over that presentence

3 report with the probation officer outside of your presence.

4        If you plead guilty you will be convicted;

5 however, you and Mr. Gibson will each be given the

6 opportunity to present to Judge Lindsay any pleas for

7 leniency in your case.  The penalty will be decided on the

8 basis of the facts that are heard in court.  And so you

9 should never depend or rely upon any statement or promise by

10 anyone, even if they are connected with the Government or

11 even if they are connected with law enforcement or anyone

12 else for that matter, as to what penalty will be assessed in

13 your case.

14        Should you decide to plead guilty, your guilty

15 plea must not be induced or prompted by any promises,

16 pressure, threats, force, or coercion of any kind.  That's

17 because a guilty plea must be purely voluntary.  And so you

18 should plead guilty because you are guilty and for no other

19 reason.

20        Sir, do you understand each of my explanations

21 about the process and consequences of pleading guilty?

22        THE DEFENDANT:  Yes, ma'am.

23        THE COURT:  Mr. Geissler, under the Sentencing

24 Reform Act of 1984, as construed by the United States

25 Supreme Court, the United States Sentencing Commission has

1  issued advisory guidelines for judges to consider in

2  determining the appropriate sentences in criminal cases.

3  Have you discussed with Mr. Gibson the charges against you,

4  the matter of sentencing, and how the sentencing guidelines

5  might apply in your case?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Even so, sir, I am required to advise

8  you that it's the Court's obligation to calculate the

9  applicable sentencing guideline range and to consider that

10 range as well as any possible departures under the

11 sentencing guidelines and other sentencing factors that are

12 found at 18 United States Code Section 3553(a).  The Court

13 is not bound by facts that are stipulated between you and

14 your attorney on the one hand and the Government on the

15 other.

16         The Court can impose punishment that disregards

17 stipulated facts or it takes into account facts that were

18 not stipulated to.  And in that event, you might not even be

19 permitted to withdraw your guilty plea.  Now, the Court will

20 not be able to determine the guideline range that applies

21 under the facts of your case until after that presentence

22 report has been completed, and you, through your attorney,

23 and the government have had the opportunity to challenge the

24 facts and conclusions reported by the probation officer.

25         After the Court has determined what guideline

1    range is appropriate in your case, the Court has the

2    authority to impose a sentence that is within, above, or

3    below that guideline range, so long as the sentence imposed

4    is reasonable and based on the facts and the law.  You have

5    the right to appeal the sentence the Court imposes unless

6    you waive that right.  Under some circumstances, the

7    Government also has the right to appeal.

8            Sir, you should also know that within the federal

9    system, parole has been abolished.  So in the event you are

10   sentenced to a term of imprisonment you will not be released

11   on parole.

12           Mr. Geissler, do you understand all the

13   explanations I've given you regarding sentencing?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  Sir, how old are you?

16           THE DEFENDANT:  Forty-two.

17           THE COURT:  And in what year were you born?

18           THE DEFENDANT:  1976.

19           THE COURT:  How far did you go in school?

20           THE DEFENDANT:  I graduated with a bachelor's.

21           THE COURT:  And you do read, write, and understand

22   English, correct?

23           THE DEFENDANT:  Yes, ma'am.

24           THE COURT:  Sir, within the last six months, have

25   you received care or treatment for any mental health or

1   physical health condition?

2          THE DEFENDANT:  No, ma'am.

3          THE COURT:  Have you been treated or hospitalized

4   for addiction to drugs or for alcoholism?

5          THE DEFENDANT:  No, ma'am.

6          THE COURT:  Do you suffer from any type of

7   emotional or mental disability?

8          THE DEFENDANT:  No, ma'am.

9          THE COURT:  Are you now under the influence of

10  alcohol or any kind of drug?

11         THE DEFENDANT:  No, ma'am.

12         THE COURT:  Are you of sound mind and do you fully

13  understand what it is we're doing here this morning?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  And is it your understanding that

16  you're here for the purpose of pleading guilty to Count 7 of

17  the indictment which charges you with conspiring to

18  introduce misbranded food into interstate commerce with an

19  intent to defraud and mislead?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Mr. Gibson, do you have any reason to

22  believe that Mr. Geissler is not fully competent to enter a

23  plea of guilty?

24         MR. GIBSON:  No, ma'am.

25         THE COURT:  Do you believe that the plea of guilty

1  he is proposing to enter will be a knowing and voluntary

2  plea?

3          MR. GIBSON:  Yes, ma'am, I believe so.

4          THE COURT:  Mr. Geissler, did you receive a copy

5  of that indictment?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  And, sir, did you read the charges

8  against you, specifically Count 7?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  And did you discuss that charge with

11  Mr. Gibson?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Then do you know and understand what

14  you're charged with by Count 7 of the indictment?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Even so, I will require that that

17  charge now be read aloud here in open court unless you

18  choose to waive the reading.  Would you like to have the

19  charge read aloud or to waive the reading?

20          THE DEFENDANT:  Waive the reading.

21          THE COURT:  Sir, you also have the right to have

22  explained to you the essential elements of the offense to

23  which you're proposing to plead guilty, and I am now going

24  to call upon the --

25          MR. RUNKLE:  Attorney for the Government.

1          THE COURT:  -- attorney for the Government.

2          MR. RUNKLE:  I'm trial attorney.

3          THE COURT:  I'm sorry.  Actually, I couldn't

4    remember what your title -- attorney for the Government to

5    state those essential elements.

6          MR. RUNKLE:  Thank you, Your Honor.

7          The elements for a violation of 18 U.S.C. 371,

8    Conspiracy To Introduce Misbranded Food Into Interstate

9    Commerce With An Intent To Defraud Or Mislead, in order to

10   prove that charge, the Government must prove that the

11   defendant and at least one other person made an agreement to

12   commit the crime of introducing misbranded food into

13   interstate commerce with an intent to defraud or mislead as

14   charged in the superseding indictment; that the defendant

15   knew the unlawful purpose of the agreement and joined in it

16   willfully, that is, with the intent to further the unlawful

17   purpose; and three, that one of the conspirators during the

18   existence of the conspiracy knowingly committed at least one

19   of the overt acts described in the superseding indictment in

20   order to accomplish some object or purpose of the

21   conspiracy.

22          As to the underlying offense of introducing

23   misbranded food into interstate commerce with an intent to

24   defraud or mislead, the elements of that offense are, one,

25   that the substance was a misbranded food; two, that a person

1  caused the introduction of or delivered for introduction

2  into interstate commerce misbranded food; third, that the

3  food's label was false or misleading in any particular

4  manner; and four, that a person mislabeled the food with the

5  intent to defraud or mislead.

6          THE COURT:  Mr. Geissler, you heard those

7  essential elements read aloud here in court.  Do you

8  understand what they are?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  And, sir, do you admit that each of

11  those essential elements is satisfied in this case as to

12  Count 7 of the indictment by your conduct and/or the conduct

13  of --excuse me -- of another or others for whom you are

14  criminally responsible?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Sir, you are appearing here today with

17  Mr. Gibson as your attorney.  Have you been fully satisfied

18  with the representation and advice you have received from

19  your attorney in this case?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Do you have in front of you copies of

22  the amended plea agreement supplement, the plea agreement,

23  and the factual resume filed in your case?

24          MR. GIBSON:  Yes, ma'am, we have them.

25          THE COURT:  Now my amended plea agreement

1  supplement isn't signed but  I'm assuming that everyone has

2  signed that --

3          MR. GIBSON:  Yes, ma'am.

4          THE COURT:  -- today.  Mr. Geissler, are those

5  your signatures on Pages 2 and 3 of that plea agreement

6  supplement?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  And is that also your signature on the

9  last page, which is Page 12, of the plea agreement?

10          THE DEFENDANT:  Of the plea agreement?

11          THE COURT:  Yes.

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  And, likewise, is that your signature

14  on Page 10 of the factual resume?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Sir, as to the plea agreement, the

17  amended plea agreement supplement, and the factual resume,

18  did you read each of those documents in their entireties

19  before you signed them?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  And as to each of those documents, did

22  you discuss them in detail with Mr. Gibson before you signed

23  them?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Then do you know and understand

1   everything that's stated in the plea agreement, the plea

2   agreement supplement, and the factual resume?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  Specifically, in the plea agreement on

5   Page 8, under the paragraph that is titled -- I'm sorry,

6   Page 4 -- under the paragraph's that titled "Defendant's

7   Agreement," it includes an agreement by you not to engage in

8   certain business practices and to cease the business of

9   USPlabs, LLC, within 90 days.  When you were going over that

10  particular provision with Mr. Gibson, did he explain to you

11  what your obligations are under that paragraph?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  And below it, in Paragraph Number 8

14  and continuing on to the next page, titled "Forfeiture of

15  Property," it indicates that you are agreeing, individually

16  and as an authorized representative of certain entities not

17  to contest, challenge, or appeal in any way the

18  administrative or judicial forfeiture to the Government of

19  certain property subject to forfeiture, including certain

20  monies that are spelled out in that paragraph, real

21  property, and automobiles listed in that paragraph.  Is that

22  your understanding of that provision?

23          THE DEFENDANT:  Yes, ma'am.

24          THE COURT:  And when you were going over that

25  provision in particular with Mr. Gibson, did he explain to

1  you the rights you have under the law to appeal, to

2  challenge, and to otherwise contest any forfeiture of your

3  property or property of which you have -- over which you

4  have responsibility or authority to the Government?

5             THE DEFENDANT:  Yes, ma'am.

6             THE COURT:  Do you understand those rights, sir?

7             THE DEFENDANT:  Yes, ma'am.

8             THE COURT:  And do you waive or give them up to

9  the extent it states in Paragraph 8 of your plea agreement

10 with the Government?

11            THE DEFENDANT:  Yes, ma'am.

12            THE COURT:  Also, if you would look on Page 10 at

13 Paragraph 12 that's titled "Waiver of Right to Appeal and

14 Otherwise Challenge Sentence," in which you are agreeing to

15 do basically that, to waive your right to appeal and to

16 otherwise challenge your sentence and conviction, except

17 under the very limited circumstances that are set out in the

18 fourth line and last line that starts, "The defendant,

19 however, reserves the rights" and also waiving your right to

20 seek any future reduction of your sentence.  Is that your

21 basic understanding of that provision?

22            THE DEFENDANT:  Yes, ma'am.

23            THE COURT:  And when you were going over it in

24 detail with Mr. Gibson, did he explain to you the rights you

25 have under the law to appeal and to otherwise contest your

1    -- or challenge your conviction and sentence in this case?

2             THE DEFENDANT:  Yes, ma'am.

3             THE COURT:  Do you understand those rights, sir?

4             THE DEFENDANT:  Yes, ma'am.

5             THE COURT:  And do you agree to waive or give them

6    up to the extent it states in your plea agreement with the

7    Government?

8             THE DEFENDANT:  Yes, ma'am.

9             THE COURT:  Sir, are all of your -- all the terms

10   of your agreement with the Government set out in the plea

11   agreement and the amended plea agreement supplement?

12            THE DEFENDANT:  Yes, ma'am.

13            THE COURT:  And did you voluntarily and of your

14   own free will enter into the plea agreement and amended plea

15   agreement supplement?

16            THE DEFENDANT:  Yes, ma'am.

17            THE COURT:  Other than the written plea agreement

18   and written plea -- written amended plea agreement

19   supplement, has anyone made any promise or assurance to you

20   of any kind in an effort to induce you to plead guilty?

21            THE DEFENDANT:  No, ma'am.

22            THE COURT:  Sir, has anyone mentally, physically,

23   or in any other way attempted to force you to plead guilty?

24            THE DEFENDANT:  No, ma'am.

25            THE COURT:  Do you understand that if your guilty

1  plea to Count 7 of the indictment is accepted, you will be

2  found guilty of that offense and that your punishment for

3  that offense will be assessed somewhere within the range of

4  punishment provided for by law?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  Sir, are you a citizen of the United

7  States?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  You should understand because you're

10 proposing to plead guilty to a felony offense that

11 conviction of a felony may deprive you of valuable rights of

12 citizenship, including the right to vote, to hold public

13 office, to serve on a jury, and to possess any kind of

14 firearm.  Do you understand that?

15         THE DEFENDANT:  Yes, ma'am.

16         THE COURT:  In addition to that, I'll now call

17 upon the attorney for the Government to state the other

18 potential penalties and consequences you will face if you

19 plead guilty to the charge in Count 7.

20         MR. RUNKLE:  Thank you, Your Honor.

21         The maximum penalties upon a conviction for

22 conspiracy under 18 U.S.C. 371 are imprisonment for a period

23 not to exceed five years; a fine not to exceed $250,000 or

24 twice any pecuniary gain to the defendant or loss to

25 victims; a term of supervised release of not more than three

1   years which may be mandatory under the law and will follow

2   any term of imprisonment; if the defendant violates the

3   conditions of that supervised release, the defendant could

4   be imprisoned for the entire term of supervised release; a

5   mandatory special assessment of, I believe, what is now $125

6   instead 100.  Is that -- I believe that's --

7           MR. GIBSON:  It says 100 but it is 125.

8           MR. RUNKLE:  Yes.  Restitution to victims or to

9   the community which is mandatory under the law and which the

10  defendant agrees may include restitution arising from all

11  relevant conduct, not limited to that arising from the

12  offense and conviction alone; costs of incarceration,

13  supervision; and forfeiture of property.

14          THE COURT:  Mr. Geissler, did you understand that

15  in the plea agreement when it sets out the potential

16  punishments you face, it indicated the wrong amount for the

17  mandatory special assessment and that that figure is or that

18  amount is $125 rather than $100?

19          THE DEFENDANT:  I -- I just found out.

20          THE COURT:  Okay.  Do you understand that's what

21  was being explained to you?

22          THE DEFENDANT:  Yes, ma'am.

23          MR. GEISSLER:  Okay.  Do you understand with that

24  proviso that if you plead guilty to Count 7 of the

25  indictment, you are subject to all the penalties and

1    consequences just explained?

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  Do you understand that if the sentence

4    you receive is more severe than you expect, you will still

5    be bound by your guilty plea and you will have no right to

6    withdraw it?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Sir, do you have any questions

9    whatsoever about anything at all we have covered up to this

10   point?

11         THE DEFENDANT:  No, ma'am.

12         THE COURT:  Then Mr. Geissler, how do you plead to

13   Count 7 of the indictment?  Guilty or not guilty?

14         THE DEFENDANT:  Guilty.

15         THE COURT:  Mr. Gibson, is Mr. Geissler's guilty

16   plea consistent with your legal advice?

17         MR. GIBSON:  Yes, ma'am, it is.

18         THE COURT:  Then Mr. Geissler, I will recommend

19   that Judge Lindsay accept your guilty plea on the condition

20   that there is a factual basis to support it, and that

21   factual basis is supplied by the stipulated facts contained

22   on Pages 3 through 9 of the factual resume we discussed a

23   little earlier in this hearing.

24         You indicated that you knew and understood

25   everything -- or you know and understand everything that's

 1  stated in that factual resume.  Specifically, do you know

 2  and understand what's in the stipulated fact section on

 3  Pages 3 through 9?

 4          THE DEFENDANT:  Yes, ma'am.

 5          THE COURT:  Sir, at this time it would be

 6  appropriate to have those stipulated facts read aloud here

 7  in court, but based on your knowledge and understanding of

 8  them, I will permit you to waive the reading if you choose.

 9  Would you like to have the stipulated fact section read

10  aloud or to waive the reading?

11          THE DEFENDANT:  Waive the reading.

12          THE COURT:  Sir, do you admit that the stipulated

13  facts in the stipulated fact section of the factual resume

14  are true?

15          THE DEFENDANT:  Yes, ma'am.

16          THE COURT:  Mr. Gibson, are the stipulated facts

17  in the factual resume consistent with the true facts as you

18  understand them?

19          MR. GIBSON:  Yes, ma'am, they are.

20          THE COURT:  Mr. Geissler, based on our review of

21  those facts and my satisfaction with the responses given

22  during this hearing, I find that you are fully competent and

23  capable of entering an informed plea, and that your guilty

24  plea to Count 7 of the indictment is a knowing and voluntary

25  plea supported by an independent basis in fact containing

1  each of the essential elements of the offense charged by

2  Count 7 of the indictment.  And, therefore, sir, I am

3  recommending that Judge Lindsay accept your guilty plea and

4  pronounce you guilty of that offense.

5      My recommendation will be contained in a written

6  report that will issue today.  It will also summarize what

7  was said and done here today and my findings and

8  conclusions.  Any objections to my written report must be

9  filed within 14 days of today.

10      As I mentioned to you earlier, a presentence

11  report is going to be prepared in your case to assist Judge

12  Lindsay in sentencing.  Mr. Geissler, you will be asked to

13  give information for that report and your degree of

14  cooperation could be a factor in how severe your sentence

15  is.  And it's for that reason and Mr. Gibson is ordered to

16  be present at your interview with a probation officer.  And

17  through Mr. Gibson, you will receive a copy of that

18  presentence report well before your sentencing hearing and

19  you will have the opportunity to make comments on it and

20  objections to it.

21      You are scheduled to be sentenced by Judge Lindsay

22  on Monday, August 12th, of this year at 1:30 p.m.  And the

23  deadline for issuing the presentence in your case is June

24  14th of this year.

25      What is the Government's position regarding Mr.

1   Geissler's continued release in this case?

2           MR. RUNKLE:  The Government has no objection, Your

3   Honor.

4           THE COURT:  Mr. Geissler, the pretrial services

5   officer has advised me that you have fully complied with the

6   conditions of release that were set in your case, and so I

7   am going to continue you on the same conditions of release.

8   Do you have any question about what they are?

9           THE DEFENDANT:  No, ma'am.

10          THE COURT:  Sir, I find by clear and convincing

11  evidence that you are not likely to flee or pose a danger to

12  any other person or to the community if you are continued on

13  pretrial release.  And so I am ordering that you be

14  continued on pretrial release.

15          Is there anything else to take up in Mr.

16  Geissler's case today?

17          MR. GIBSON:  No, ma'am, not for the defendant.

18          MR. RUNKLE:  Nothing from the Government, Your

19  Honor.

20          THE COURT:  And, sir, that concludes your hearing

21  today.  Good luck to you.  And the attorneys are excused.

22          MR. GIBSON:  Thank you, Your Honor.

23          THE CLERK:  All rise.

24      (Proceedings adjourned at 9:38 a.m.)

25                      *  *  *  *  *

1                              CERTIFICATE

2

3          I certify that the foregoing is a correct

4   transcript to the best of my ability produced from the

5   electronic sound recording of the proceedings in the above-

6   entitled matter.

7

8   *Dipti Patel*

9

10  _____

11  Dipti Patel, CET-997

12  AAERT Electronic Transcriber

13  DATE:  May 10, 2019

14

15

16

17

18

19

20

21

22

23

24

25